IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| PATRICIA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | CIVIL ACTION NO. 99-RRA-0302-J |
| ) | |
| ALABAMA POWER COMPANY, ) | |
| ) | ENTERED |
| Defendant. ) | APR 27 1999 |

## MEMORANDUM OPINION

The plaintiff's complaint alleges that Alabama Power was issued a license by the Corps of Engineers of the United States and that, pursuant thereto, the defendant dammed a public waterway, the Sipsey Fork of the Warrior River, thereby creating Lewis Smith Lake. The plaintiff alleges that Alabama Power breached its duty under the said license to maintain properly the water quality of Lewis Smith Lake. This case was filed as a prospective class action.[1] Alabama Power removed to this court from the Walker County Circuit Court, and then filed a motion to dismiss or for summary judgment, to which the plaintiff responded with a motion to dismiss without prejudice.

---

[1] This case has not been certified a class action.

The defendant stated, through affidavit, that the Corps of Engineers had not issued any license or permit to it concerning Lewis Smith Lake, but that Alabama Power's actions were undertaken pursuant to a license issued by the Federal Power Commission, predecessor to the Federal Energy Regulatory Commission ("FERC"). The defendant contends that the federal courts have original exclusive jurisdiction over all claims arising out of activities undertaken pursuant to an FERC license. The plaintiff states that she might file another case in state court, asserting state law claims only. Alabama Power opposed the plaintiff's motion to dismiss without prejudice.

At oral argument on the defendant's motion to dismiss or for summary judgment and the plaintiff's motion to dismiss without prejudice, the plaintiff stipulated that if she files another action in state court she will raise state law claims only, and that none of her claims would be based upon Alabama Power's duties or responsibilities under any FERC license. Following that stipulation Alabama Power voiced no further objection.

Wherefore, the court is of the opinion that this action should be dismissed with prejudice as to any claim based on Alabama Power's FERC license. This dismissal, however, has no effect upon any state law claims which might exist.

An appropriate order will be entered herewith.

DONE this 26th day of April, 1999.

Robert R. Armstrong, Jr.
United States Magistrate Judge

3